IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
| Petitioner, | : | 1:16-cv-0305 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, | : | |
| Respondent. | : | |

## MEMORANDUM

### March 8, 2016

Steven A. Johnson ("Johnson"), a federal inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed this habeas corpus action pursuant to 28 U.S.C. §2241, setting forth First and Eighth Amendment claims. (Doc. 1, p. 7). He is seeking to "uphold rights and policy of inmate handbook, granting request in statement, [and] honor request for injunction." (*Id.* at 8). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed.

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475,

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited:  'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001).  However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  *See Leamer*, 288 F.3d at 540.  "Habeas corpus is not an appropriate or available federal remedy."  *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Johnson alleges that his First Amendment rights were violated when he was refused a legal call and his Eighth Amendment rights were violated when he was refused a razor.  (Doc. 1, p. 7).  He is seeking declaratory and injunctive relief.  (*Id.* at 8).   Because he is not challenging either the fact or duration of his confinement, habeas corpus is not an appropriate remedy.  Consequently, the petition will be dismissed without prejudice to any right Johnson may have to reassert his present claims in a properly filed civil rights complaint.

A separate order will enter.